Case 3:22-cv-00293   Document 25   Filed on 09/07/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 07, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| JASON C. SCHNEIDER, *et al.*, | § § § | |
| Plaintiffs. | § | |
| | § | CIVIL ACTION NO. 3:22-cv-00293 |
| VS. | § § | |
| LLOYD J. AUSTIN, III, *et. al.*, | § § | |
| Defendants. | § | |

## ORDER AND OPINION STAYING CASE

Plaintiffs are 14 servicemembers in the United States Marine Corps who seek a preliminary injunction to enjoin the Marine Corps from taking adverse action against Plaintiffs on account of their refusal to receive a COVID-19 vaccine on religious grounds. Defendants have moved to stay all further proceedings in this case in light of the recent order from District Judge Steven D. Merryday certifying a class of Marine Corps servicemembers and issuing a class-wide preliminary injunction that provides the same relief Plaintiffs request in this case. *See Colonel Fin. Mgmt. Officer v. Austin* ("*Colonel FMO*"), No. 8:22-CV-1275, 2022 WL 3643512 (M.D. Fla. Aug. 18, 2022).

In *Colonel FMO*, Judge Merryday enjoined the Secretary of Defense and others

> (1) from enforcing against a member of the class any order, requirement, or rule to accept COVID-19 vaccination, (2) from separating or discharging from the Marine Corps a member of the class who declines COVID-19 vaccination, and (3) from retaliating against a member of the class for the member's asserting statutory rights under [the Religious Freedom Restoration Act].

*Id.* at *19. The certified class of Marine Corps servicemembers in *Colonel FMO* unquestionably includes the 14 servicemembers who filed the instant litigation. The defendants in both *Colonel FMO* and this case overlap. A bench trial has been

set for January 23, 2023 in *Colonel FMO* to consider a request for a permanent injunction, among other relief sought.

As a general rule, a "[d]istrict [c]ourt has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation."); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) ("The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."). Given that there is already a nationwide injunction in place prohibiting the Marine Corps from separating, discharging, or retaliating against a servicemember who refuses to receive a COVID-19 vaccination, it makes little sense for this Court to spend its precious time and resources considering whether to impose an identical injunction.[1] It seems incredibly obvious, but is worth

---

[1] In opposing Defendants' efforts to stay this litigation, Plaintiffs focus on the claims of David Mendoza ("Mendoza"), arguing that "the Marine Corps decided both to delay his promotion and to put it on a track to denial, solely because he declined to receive a COVID-19 vaccine." Dkt. 21 at 2. It is important to understand how Judge Merryday's ruling impacts Mendoza's claims. Following the Supreme Court's guidance from earlier this year in a military vaccine mandate case, Judge Merryday noted that "[n]othing in this injunction precludes the defendants from considering a class member's 'vaccination status in making deployment, assignment, and other operational decisions.'" *Colonel FMO*, 2022 WL 3643512, at *19 n.13 (quoting *Austin v. U.S. Navy Seals 1-26*, --- U.S.---, 142 S. Ct. 1301, 1301 (2022) (mem.)). Defendants maintain that promotions are assignment decisions not subject to the *Colonel FMO* injunction; Plaintiffs strongly disagree, arguing "that the decision whether to promote a service member" does not fall within the category of "'making deployment, assignment, and other operational decisions.'" Dkt. 21 at 10 (quoting *Austin*, 142 S. Ct. at 1301). Either way, there is no reason why I should enter the fray. If, as Defendants contend, promotions are assignment decisions, I am prohibited by the Supreme Court from enjoining promotion decisions of the type Mendoza challenges. If, on the other hand, Plaintiffs are right and promotions are not assignment decisions, the *Colonel FMO* injunction prohibits Defendants from retaliating against Mendoza for refusing to take the COVID-19 vaccine on religious grounds.

emphasizing, that district courts should strive to avoid the unnecessary duplication of proceedings.

Plaintiffs take the position that Judge Merryday did not consider, as a basis for issuing the temporary injunction, a Fifth Amendment equal protection claim. According to Plaintiffs, this Fifth Amendment equal protection claim, which they raise in this case, provides an independent reason why injunctive relief should issue. This argument gets Plaintiffs absolutely nowhere. At the end of the day, the fact remains that the temporary injunction in place already provides Plaintiffs with all the relief they requested in this case.

As Defendants succinctly note, a stay of these proceedings does not prejudice Plaintiffs in the least. "If the court in *Colonel FMO* ultimately orders a class-wide permanent injunction following the trial in November, and that judgment is affirmed on appeal, this case would be moot, obviating the need for this Court to rule at all." Dkt. 15 at 5. "If, in contrast, the class-wide injunction in *Colonel FMO* is ultimately vacated, stayed, or otherwise lifted, Plaintiffs are not prejudiced in continuing to seek both individualized and class-wide injunctive relief at that time in this case." *Id.* Plaintiffs would then be free to pursue their Fifth Amendment equal protection claim in this forum.

In short, conservation of the Court's and the parties' resources weigh heavily in favor of a stay. Defendants' Motion to Stay (Dkt. 15) is **GRANTED**. This case is stayed and administratively closed unless and until the preliminary injunction in *Colonel FMO* is vacated or stayed. The parties are ordered to promptly inform the Court if such an event occurs.

SIGNED this 7th day of September 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE