**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| JASON C. SCHNEIDER, *et al.,*<br><br>    *Plaintiffs*,<br><br>v.<br><br>LLOYD J. AUSTIN, III, *et al.*,<br><br>    *Defendants.* | Case No. 3:22-cv-00293 |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES AND COSTS**

# TABLE OF CONTENTS

INTRODUCTION.................................................................................................................1

ARGUMENT .....................................................................................................................1

I.  Plaintiffs are ineligible for a fee award under § 1988(b) because they are not "the prevailing parties" in this lawsuit....................................................................2

II.  Even if plaintiffs were eligible for a fee award under § 1988(b), their request should be denied in its entirety because it is unsupported and grossly excessive. ...................................................................................................................7

    A.  Plaintiffs failed to support their fee request with any documentation. ...............7

    B.  Plaintiffs' fee request is grossly excessive in light of the minimal proceedings in this case. .......................................................................................10

CONCLUSION ................................................................................................................13

i

## TABLE OF AUTHORITIES

**Cases**

*Amawi v. Paxton*,
   48 F.4th 412 (5th Cir. 2022) ..................................................................................2

*Baughman v. Walt Disney World Co.*,
   2013 WL 12334692 (C.D. Cal. July 17, 2013) ........................................................4

*Blum v. Stenson*,
   465 U.S. 886 (1984) ..............................................................................................6

*Bowar v. City of El Paso*,
   2023 WL 1325500 (W.D. Tex. Jan. 31, 2023) .......................................................12

*Brown v. Stackler*,
   612 F.2d 1057 (7th Cir. 1980) ..............................................................................10

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*,
   532 U.S. 598 (2001) .......................................................................................*passim*

*Colonel Fin. Mgmt. Officer v. Austin*,
   622 F. Supp. 3d 1187 (M.D. Fla. 2022) ..................................................................3

*Cooper v. Singer*,
   689 F.2d 929 (10th Cir. 1982) ................................................................................6

*CRST Van Expedited, Inc. v. EEOC*,
   578 U.S. 419 (2016) ..............................................................................................4

*Davis v. Abbott*,
   781 F.3d 207 (5th Cir. 2015)...................................................................................2

*Davis v. Credit Bureau of the S.*,
   908 F.3d 972 (5th Cir. 2018)................................................................9, 10, 11, 12

*Day v. Persels & Assocs., LLC*,
   729 F.3d 1309 (11th Cir. 2013) ..........................................................................5, 6

*Dearmore v. City of Garland*,
   519 F.3d 517 (5th Cir. 2008)..................................................................................1

*Denton v. City of El Paso,*
   2022 WL 2712859 (W.D. Tex. July 13, 2022) ........................................................................12

*Devlin v. Scardelletti,*
   536 U.S. 1 (2002) ..........................................................................................................................5

*Doe v. Fitch,*
   2022 WL 4002326 (S.D. Miss. Aug. 1, 2022) .......................................................................12

*Env't Def. Fund, Inc. v. Reilly,*
   1 F.3d 1254 (D.C. Cir. 1993) .....................................................................................................12

*Fair Hous. Council of Great Wash. v. Landow,*
   999 F.2d 92 (4th Cir. 1993) .......................................................................................................10

*Farrar v. Hobby,*
   506 U.S. 103 (1992) ..................................................................................................................6, 7

*Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.,*
   23 F.4th 408 (5th Cir. 2022) .....................................................................................................12

*Fox v. Vice,*
   563 U.S. 826 (2011) ..................................................................................................6, 7, 9, 12

*Gibson Brands, Inc. v. Armadillo Distrib. Enters., Inc.,*
   2023 WL 2899050 (E.D. Tex. Apr. 11, 2023) .........................................................................9

*Hensley v. Eckerhart,*
   461 U.S. 424 (1983) ..............................................................................................................2, 7, 9

*Hewitt v. Helms,*
   482 U.S. 755 (1987) ..............................................................................................................2, 3, 4

*Hexamer v. Foreness,*
   997 F.2d 93 (5th Cir. 1993) ........................................................................................................8

*Hughes v. Legion Ins. Co.,*
   2007 WL 3231435 (S.D. Tex. Oct. 30, 2007) .........................................................................9

*Kiewit Offshore Servs. Ltd. v. Dresser-Rand Glob. Servs., Inc.,*
   2017 WL 2599325 (S.D. Tex. June 15, 2017) ......................................................................8, 9

*Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.,*
   589 F.3d 1027 (9th Cir. 2009) ...............................................................................................3, 4

*La. Power & Light Co. v. Kellstrom,*
  50 F.3d 319 (5th Cir. 1995) ....................................................................................8, 9

*Lewis v. Kendrick,*
  944 F.2d 949 (1st Cir. 1991) .........................................................................................10

*Lundin v. Mecham,*
  980 F.2d 1450 (D.C. Cir. 1992) ................................................................................4, 5

*McAdams v. Robinson,*
  26 F.4th 149 (4th Cir. 2022) ......................................................................................5, 6

*Palmetto Props., Inc. v. Cnty. of DuPage,*
  375 F.3d 542 (7th Cir. 2004) ........................................................................................3

*Perdue v. Kenny A. ex rel. Winn,*
  559 U.S. 542 (2010) ......................................................................................................6

*Perez v. Lucas,*
  176 F.3d 480 (5th Cir. 1999) .......................................................................................10

*Phillips Petroleum Co. v. Shutts,*
  472 U.S. 797 (1985) ......................................................................................................6

*Plaza Home Mortg., Inc. v. Innovated Holdings, Inc.,*
  2023 WL 3145317 (S.D. Miss. Apr. 3, 2023) ............................................................10

*Putnam v. Davies,*
  960 F. Supp. 1268 (S.D. Ohio 1997) .......................................................................4, 5

*Rhodes v. Stewart,*
  488 U.S. 1 (1988) .......................................................................................................2, 3

*Riley v. City of Jackson,*
  99 F.3d 757 (5th Cir. 1996) ...................................................................................7, 8, 9

*Scham v. Dist. Cts. Trying Crim. Cases,*
  148 F.3d 554 (5th Cir. 1998) .......................................................................................10

*Sole v. Wyner,*
  551 U.S. 74 (2007) .....................................................................................................1, 4

*Surfrider Found. v. U.S. Steel Corp.*,
    2022 WL 4448302 (N.D. Ind. Sept. 22, 2022) .................................................................... 4

*Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*,
    489 U.S. 782 (1989) .................................................................................................. 2, 12

*Tyler v. Cedar Hill Indep. Sch. Dist.*,
    433 F. App'x 265 (5th Cir. 2011) ............................................................................... 8

*Tyler v. Cedar Hill Indep. Sch. Dist.*,
    2010 WL 3733532 (N.D. Tex. Sept. 7, 2010) ......................................................... 8, 9

*Young v. Smith*,
    905 F.3d 229 (3d Cir. 2018) .................................................................................... 10

**Statutes**

28 U.S.C. § 2412(b) ......................................................................................................... 2

42 U.S.C. § 1988(b) ................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 54(d) ...................................................................................................... 9

**INTRODUCTION**

Plaintiffs filed this lawsuit a year ago to challenge the military's now-rescinded COVID-19 vaccination requirement. But only a few weeks after litigation commenced, the Court stayed proceedings and administratively closed this case because plaintiffs were already fully protected by a class-wide preliminary injunction issued in another lawsuit. *See* Order & Opinion Staying Case, ECF No. 25. This case then remained stayed until last month, when plaintiffs agreed to voluntarily dismiss their claims as moot given the military's rescission of the COVID-19 vaccination requirement pursuant to an Act of Congress.

Despite the abbreviated proceedings in this lawsuit, plaintiffs now ask this Court to award them over $280,000 in attorney's fees and costs pursuant to 42 U.S.C. § 1988(b), which authorizes the Court to award "a reasonable attorney's fee" to "the prevailing party" in this action. During the three weeks that this litigation was active, however, plaintiffs did not prevail on the merits of any claim, did not succeed on a single motion, won no disputed issue, and obtained no relief whatsoever from the Court. Plaintiffs are thus hardly "the prevailing parties" in this action, and are therefore ineligible for a fee award under § 1988(b). But even if they were eligible, plaintiffs' fee request is supported by no documentation and, moreover, is grossly excessive, and thus should be denied in its entirety or, at a minimum, significantly reduced.

**ARGUMENT**

Under the so-called "American Rule," litigants ordinarily pay their own attorney's fees. *Dearmore v. City of Garland*, 519 F.3d 517, 520 (5th Cir. 2008). But Congress "established an exception" to that rule in 42 U.S.C. § 1988(b). *Sole v. Wyner*, 551 U.S. 74, 77 (2007). That statutory provision authorizes a court, "in its discretion," to award "a reasonable attorney's

fee" to "the prevailing party" in an "action or proceeding to enforce" certain civil-rights statutes, including the Religious Freedom Restoration Act ("RFRA"). 42 U.S.C. § 1988(b).[1] The "burden of establishing entitlement to an award" under § 1988(b) is on the fee applicant. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

## I.      Plaintiffs are ineligible for a fee award under § 1988(b) because they are not "the prevailing parties" in this lawsuit.

"A plaintiff must be a 'prevailing party' to recover an attorney's fee under § 1988." *Hensley*, 461 U.S. at 433; *accord Rhodes v. Stewart*, 488 U.S. 1, 2 (1988) ("There is no entitlement to attorney's fees" under § 1988(b) "unless the requesting party prevails."). Though that term is not statutorily defined, Supreme Court precedent instructs that a "prevailing party" under § 1988(b) "must be one who has succeeded on any significant claim affording it some of the relief sought," either during or at the end of the litigation. *Davis v. Abbott*, 781 F.3d 207, 213–14 (5th Cir. 2015) (quoting *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989)). And the relief obtained must create a "judicially sanctioned change" in the parties' "legal relationship." *Amawi v. Paxton*, 48 F.4th 412, 416 (5th Cir. 2022) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 605 (2001)).

Given the clear meaning of "prevailing party" under § 1988(b), plaintiffs' fee request raises a confounding question: How can they possibly claim to be the prevailing parties in this lawsuit? They succeeded on *no* disputed issue and obtained *no* relief from the Court—hardly "the stuff of which legal victories are made." *See Hewitt v. Helms*, 482 U.S. 755, 760 (1987). "Respect for ordinary language requires that a plaintiff receive at least *some* relief on the merits

---

[1] While § 1988 does not, by its terms, authorize a fee award against the United States, the Equal Access to Justice Act, 28 U.S.C. § 2412(b), waives the United States' sovereign immunity from liability for such an award "to the same extent that any other party would be liable" under § 1988.

of his claim before he can be said to prevail." *Buckhannon Bd.*, 532 U.S. at 603 (cleaned up with emphasis added); *accord Rhodes*, 488 U.S. at 4 ("In the absence of relief, a party cannot meet the threshold requirement of § 1988 that he prevail . . . ."). Yet plaintiffs "obtained no relief" whatsoever in this case, and thus are not—in any accepted sense of the term—the prevailing parties. *See Hewitt*, 482 U.S. at 760.

Despite winning nothing in this case, plaintiffs still believe that they are the prevailing parties by dint of their membership in a class that was certified in a different lawsuit in the U.S. District Court for the Middle District of Florida. *See* Mot. at 11–19, ECF No. 31 (citing *Colonel Fin. Mgmt. Officer v. Austin* (*Colonel FMO*), 622 F. Supp. 3d 1187 (M.D. Fla. 2022)). In that case, the class representatives (who were represented by different counsel) obtained a class-wide preliminary injunction that incidentally protected plaintiffs (as non-party class members) from enforcement of the military's COVID-19 vaccination requirement. *Colonel FMO*, 622 F. Supp. 3d at 1217. On that score, plaintiffs maintain that they were among the allegedly prevailing parties in *Colonel FMO*. And now that the *Colonel FMO* class has been dissolved, plaintiffs argue that they can invoke their supposed prevailing-party status in that separate litigation to seek a fee award under § 1988(b) in this lawsuit.

That argument fails for at least three reasons.

***First,*** regardless of plaintiffs' status in *Colonel FMO*, § 1988(b) does not permit plaintiffs to "reach[] outside the confines of this lawsuit" and claim that relief obtained in a separate lawsuit is "the source of [their] prevailing party status in this case." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1033–35 (9th Cir. 2009); *accord Palmetto Props., Inc. v. Cnty. of DuPage*, 375 F.3d 542, 551 (7th Cir. 2004) ("[A] party in one lawsuit cannot claim

3

to be a 'prevailing party'" under § 1988(b) "based upon the successes of a party in a different lawsuit."). Section 1988(b) authorizes a court to award a reasonable attorney's fee only to a party "who prevails *in the action*," not a party who obtains relief elsewhere or by some other means. *Sole*, 551 U.S. at 78 (emphasis added); *accord, e.g.*, *Hewitt*, 482 U.S. at 764 (holding that the plaintiff was ineligible for a fee award under § 1988(b) because he was not "a 'prevailing party' *in this lawsuit*" (emphasis added)); *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422 (2016) (requiring a party to have "prevailed *in the litigation*" to be eligible for fees under a materially identical fee-shifting statute (emphasis added)).

For that reason, courts have rejected similar efforts by plaintiffs who (like plaintiffs here) tried to assume prevailing-party status in one lawsuit based on another plaintiff's—or even their own—success in separate litigation. *See, e.g.*, *Klamath*, 589 F.3d at 1033–35; *Baughman v. Walt Disney World Co.*, 2013 WL 12334692, at *4 (C.D. Cal. July 17, 2013) ("[Plaintiff] has failed to provide any authority for [the] proposition that a party may be afforded prevailing party status based on the success of different plaintiffs in a different action," and "may not impute any success" in one case to another); *Surfrider Found. v. U.S. Steel Corp.*, 2022 WL 4448302, at *9 n.5 (N.D. Ind. Sept. 22, 2022) ("[N]one of the case law cited by Plaintiffs remotely suggests they would be entitled to fees in this case, based on the alleged success of obtaining [relief] in a different case where they are Intervenor-Plaintiffs." (citation omitted)).

Plaintiffs' reliance on *Putnam v. Davies*, 960 F. Supp. 1268 (S.D. Ohio 1997), and *Lundin v. Mecham*, 980 F.2d 1450 (D.C. Cir. 1992), for the opposite proposition—*i.e.*, that prevailing-party status *can* be premised on successes in separate litigation—is misplaced. Contrary to what plaintiffs suggest, Mot. at 16–17, the plaintiffs prevailed in *Putnam* not based on what occurred

in another case but (unlike plaintiffs here) by succeeding on the merits of their claim and obtaining declaratory relief, 960 F. Supp. at 1272–73. And while the court in *Lundin* considered what occurred in related litigation in its prevailing-party analysis, it did so in applying the so-called "catalyst" theory. 980 F.2d at 1457–59. That theory was once used by courts to determine whether a plaintiff who obtained relief through non-judicial means (*e.g.*, a defendant's voluntary change in conduct) was a prevailing party under § 1988(b). *Id.* at 1457. The catalyst theory was squarely rejected in *Buckhannon*, however, *see* 532 U.S. at 605–10, thus gutting *Lundin*'s rationale. And even if the catalyst theory were still viable, plaintiffs could not possibly establish that this litigation was a catalyst for the preliminary injunction in *Colonel FMO*. Plaintiffs have therefore cited no authority supporting their attempt to assume prevailing-party status in this case based on relief obtained elsewhere.

**Second,** even if prevailing-party status could be transported from one case to another, plaintiffs were never the prevailing parties in *Colonel FMO. See* Mot. at 11–19. Indeed, they weren't even "parties" to that case.

Whether absent class members are considered "parties" to a class action depends on the context. *Devlin v. Scardelletti*, 536 U.S. 1, 9–10 (2002). "To interpret the term 'party' in context, it must be given the ordinary legal meaning it had when the text was adopted." *Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1317 (11th Cir. 2013) (cleaned up). When Congress adopted the relevant language in § 1988(b), the ordinary, contemporary meaning of "'party' included those whose names are designated as a plaintiff or defendant and those who can control the proceedings." *McAdams v. Robinson*, 26 F.4th 149, 156 (4th Cir. 2022) (interpreting "party" as used in a statutory provision adopted three years after § 1988(b)'s enactment); *accord*

5

*Day*, 729 F.3d at 1317–18 (same). The contemporaneous edition of *Black's Law Dictionary*, for example, defined "party" in precisely those terms. *See Day*, 729 F.3d at 1317; *see also Buckhannon*, 532 U.S. at 603 (relying on *Black's Law Dictionary* to determine the meaning of "prevailing party" in § 1988(b)). But absent class members obviously "aren't named parties, and they can't control proceedings." *McAdams*, 26 F.4th at 156; *accord Day*, 729 F.3d at 1318 ("[F]or purposes of the management of the litigation, an absent class member who has not intervened is not a party."); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985). Accordingly, absent class members are not "within the contemporary, common meaning of the term 'parties' as used in" §1988(b), and there is no sign that Congress wanted to include them. *See McAdams*, 26 F.4th at 156. Plaintiffs were therefore never parties, let alone prevailing parties, in *Colonel FMO*.

*Finally,* even putting aside the prevailing-party inquiry, plaintiffs are ineligible for a fee award because there is no reasonable fee that this Court could grant them. The Supreme Court has instructed that fee awards under § 1988(b) must not "produce windfalls to attorneys," *Fox v. Vice*, 563 U.S. 826, 837 (2011), as Congress's aim was "not to provide a form of economic relief to improve the financial lot of attorneys," *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (citation omitted); *accord Cooper v. Singer*, 689 F.2d 929, 931 (10th Cir. 1982) ("Congress was not trying to get [civil rights] cases into court by making [prospective plaintiffs] lucrative to attorneys."). A windfall may occur, of course, where a court grants an overly gracious award. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 892–902 (1984). But in a case where "the only reasonable fee" would be "no fee at all," *any* award would produce a prohibited windfall, even for a prevailing party. *Farrar v. Hobby*, 506 U.S. 103, 115 (1992).

Here, plaintiffs premise their eligibility for a fee award on the class-wide preliminary

6

injunction issued in *Colonel FMO*. Mot. at 11–19. But nothing that their attorneys did in this litigation brought about that relief. *See Fox*, 563 U.S. at 834 ("A court should compensate the plaintiff [only] for the time his attorney reasonably spent in achieving the favorable outcome. The fee award, of course, should not reimburse the plaintiff for work performed on claims that bore no relation to the grant of relief: Such work cannot be deemed to have been expended in pursuit of the ultimate result achieved." (cleaned up)). Indeed, none of the work that plaintiffs' counsel expended in this litigation appears to have achieved a positive result for their clients. Accordingly, the only reasonable fee is no fee at all. *See Farrar*, 506 U.S. at 115.

*      *      *

In sum, plaintiffs are not prevailing parties in this lawsuit and are therefore ineligible for a fee award under § 1988(b). The Court should deny plaintiffs' motion on that basis alone.

## II.  Even if plaintiffs were eligible for a fee award under § 1988(b), their request should be denied in its entirety because it is unsupported and grossly excessive.

Setting aside that plaintiffs are ineligible for a fee award under § 1988(b), their request should be denied entirely for two additional reasons: they have submitted no documentation in support of their request, which is outrageously excessive in any event.

### A.      Plaintiffs failed to support their fee request with any documentation.

The party seeking fees under § 1988(b) must submit documentation of "the appropriate hours expended and hourly rates" to meet its "burden of establishing entitlement to an award." *Hensley*, 461 U.S. at 437; *accord Fox*, 563 U.S. at 838. This documentation also is necessary to prove that "the number of hours and the hourly rate for which compensation is requested is reasonable." *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). The obligation to provide documentation in support of a fee request will "customarily require the applicant to produce

contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine" the request. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (citation omitted). At a minimum, a party must submit documentation from which the court can determine the number of hours reasonably expended and a reasonable hourly rate, thereby enabling the court to calculate a reasonable award. *Tyler v. Cedar Hill Indep. Sch. Dist.*, 433 F. App'x 265, 267 (5th Cir. 2011); *accord La. Power & Light*, 50 F.3d at 324. Absent sufficient documentation, a court "cannot approve an application for attorney's fees." *Hexamer v. Foreness*, 997 F.2d 93, 94 (5th Cir. 1993).

And yet, plaintiffs have submitted *no* documentation or any other evidence in support of their fee request—much less the contemporaneous billing records typically required. Instead, plaintiffs claim only that their request for $288,578 in fees and costs is "a 'fair estimate'" that reflects "the hours that [their] counsel devoted to this matter." Mot. at 22 (citation omitted). Putting aside that there is good reason to doubt that assertion, *see infra* p. 11, it cannot satisfy plaintiffs' burden to substantiate the reasonableness of their fee request. *See Riley*, 99 F.3d at 760; *accord, e.g., Tyler v. Cedar Hill Indep. Sch. Dist.*, 2010 WL 3733532, at *2 (N.D. Tex. Sept. 7, 2010) (denying fee request under § 1988(b) because there was "absolutely nothing" in the record "to enable the court to determine for itself whether such fees are reasonable" "[o]ther than counsel's conclusory assertion that the legal fees billed to her client were 'reasonable and necessary'"). Without documentation identifying the total "number of hours" for which compensation is requested, "what tasks were completed, who performed them," and at what hourly rates, this Court cannot examine the basis of plaintiffs' fee request and cannot calculate a reasonable award. *See Kiewit Offshore Servs. Ltd. v. Dresser-Rand Glob. Servs.,*

*Inc.*, 2017 WL 2599325, at *8 (S.D. Tex. June 15, 2017).

Plaintiffs argue, however, that they did not need to provide any evidence to support their fee request because Federal Rule of Civil Procedure 54(d)(2)(B)(iii) requires a fee motion to provide only a "fair estimate" of the amount sought. Mot. at 23 (citation omitted). But regardless of whether plaintiffs have complied with Rule 54(d), they obviously have not complied with § 1988(b)'s requirements, *see, e.g.*, *Hensley*, 461 U.S. at 437; *Fox*, 563 U.S. at 838; *Riley*, 99 F.3d at 760; *La. Power & Light*, 50 F.3d at 324, despite having ample opportunity to do so.² And given the Supreme Court's admonition that a fee request "should not result in a second major litigation," *Buckhannon Bd.*, 532 U.S. at 609 (citation omitted), plaintiffs should not be permitted to make their case for a fee award in piecemeal fashion, through multiple rounds of briefing when one round of briefing would have sufficed. *See also, e.g.*, *Davis v. Credit Bureau of the S.*, 908 F.3d 972, 981 (5th Cir. 2018) ("[S]atellite fee litigation" is "one of the last things lawyers and judges should be spending their time on." (citation omitted)).

Therefore, where (as here) an applicant has failed to meet its burden "to submit competent evidence establishing the amount of the fees and costs" requested under § 1988(b), courts within this Circuit routinely deny an applicant's fee request in its entirety. *See Hughes v. Legion Ins. Co.*, 2007 WL 3231435, at *2 (S.D. Tex. Oct. 30, 2007); *accord, e.g.*, *Tyler*, 2010 WL 3733532, at *2; *Kiewit Offshore Servs.*, 2017 WL 2599325, at *7–8; *Gibson Brands, Inc. v. Armadillo Distrib. Enters., Inc.*, 2023 WL 2899050, at *3–4 (E.D. Tex. Apr. 11, 2023) ("The lack of basic documentation here is fatal to [the plaintiff's] fee request. . . . Without any basis to determine

---

² Plaintiffs first raised the issue of fees and costs with defendants on June 2, 2023. That same day, defendants invited plaintiffs to make a fee request and to provide supporting documentation. Plaintiffs never accepted that invitation.

9

the reasonable fees in this case, the Court will not grant [the] fee application."); *Plaza Home Mortg., Inc. v. Innovated Holdings, Inc.*, 2023 WL 3145317, at *9–10 (S.D. Miss. Apr. 3, 2023) ("Plaintiff has also not identified how many hours its counsel necessarily expended in prosecuting this case, or what a reasonable rate would be for each attorney. This renders it impossible for the Court to calculate the lodestar and determine the reasonableness of the request."). There is no reason this Court should take a different approach here.

### B. Plaintiffs' fee request is grossly excessive in light of the minimal proceedings in this case.

Awarding a reasonable attorney's fee under § 1988(b) is within a court's discretion. *See* 42 U.S.C. § 1988(b). Accordingly, even when an applicant is *eligible* for an award, a court may still deny a fee request in it is entirety "where the request is so outrageously excessive that it shocks the conscience of the court." *Young v. Smith*, 905 F.3d 229, 236 (3d Cir. 2018); *accord Perez v. Lucas*, 176 F.3d 480 (5th Cir. 1999); *Scham v. Dist. Cts. Trying Crim. Cases*, 148 F.3d 554, 558–59 (5th Cir. 1998); *Fair Hous. Council of Great Wash. v. Landow*, 999 F.2d 92, 96 (4th Cir. 1993); *Lewis v. Kendrick*, 944 F.2d 949, 958 (1st Cir. 1991); *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980). The justification for this rule is simple: to deter parties from making unreasonable demands "as an 'opening bid' in an attempt to negotiate" a fee award, *Davis*, 908 F.3d at 981, "knowing that the only unfavorable consequence" would be the "reduction of their fee to what they should have asked for in the first place," *Fair Hous. Council*, 999 F.2d at 96 (citation omitted); *see also Scham*, 148 F.3d at 559 (affirming denial of an outrageously excessive fee request to "encourag[e] attorneys at the outset to request only reasonable fees," because § 1988(b) was "not intend[ed] to foster such gamesmanship" (citation omitted)). The Fifth Circuit has made clear that such tactics "cannot be tolerated," as they "sow distrust and

spawn satellite fee litigation—one of the last things lawyers and judges should be spending their time on." *Davis*, 908 F.3d at 981 (citation omitted).

Plaintiffs appear to have used such tactics here, however. True, neither the Court nor defendants have any documentation or other evidence from which they can evaluate plaintiffs' request for over $280,000 in fees and costs—reason alone to outright deny that request, *see supra* pp. 7–10. But at any rate, it defies belief that plaintiffs' counsel actually (let alone reasonably) expended the amount of time on this case that could justify requesting hundreds of thousands of dollars in fees. This litigation was active for only *three weeks*: it involved no discovery, required no briefing on dispositive motions, and never went on appeal. In fact, the only substantive motion that plaintiffs filed in this case—a motion for a preliminary injunction—was never even fully briefed before the Court stayed proceedings. Moreover, this case was not the first case, or even the twentieth, to address the various legal issues raised by plaintiffs' challenge to the military's COVID-19 vaccination requirement.[3]

Given the minimal proceedings in this litigation, as well as the legal groundwork laid in

---

[3] *See, e.g.*, *Coker v. Austin*, No. 3:21-cv-1211 (N.D. Fla.) (filed Oct. 6, 2021); *Navy SEAL 1 v. Biden*, No. 8:21-cv-2429 (M.D. Fla.) (filed Oct. 15, 2021); *Church v. Biden*, No. 1:21-cv-2815 (D.D.C.) (filed Oct. 24, 2021); *U.S. Navy SEALs 1–26 v. Biden*, No. 4:21-cv-1236 (N.D. Tex.) (filed Nov. 9, 2021); *Vance v. Wormuth*, No. 3:21-cv-730 (W.D. Ky.) (filed Dec. 7, 2021); *Poffenbarger v. Kendall*, No. 3:22-cv-1 (S.D. Ohio) (filed Jan. 2, 2022); *Air Force Off. v. Austin*, No. 5:22-cv-9 (M.D. Ga.) (filed Jan. 6, 2022); *Dunn v. Austin*, No. 2:22-cv-165 (E.D. Cal.) (filed Feb. 14, 2022); *Doster v. Kendall*, No. 1:22-cv-84 (S.D. Ohio) (filed Feb. 16, 2022); *Short v. Berger*, No. 2:22-cv-1151 (C.D. Cal.) (filed Feb. 18, 2022); *Roth v. Austin*, No. 4:22-cv-3038 (D. Neb.) (filed Mar. 8, 2022); *Navy SEAL 1–4 v. Austin*, No. 1:22-cv-688 (D.D.C.) (filed Mar. 11, 2022); *Short v. Berger*, No. 2:22-cv-444 (D. Ariz.) (filed Mar. 21, 2022); *Creaghan v. Austin*, No. 1:22-cv-981 (D.D.C.) (filed Apr. 11, 2022); *Knick v. Austin*, No. 1:22-cv-1267 (D.D.C.) (filed May 11, 2022); *Miller v. Austin*, No. 2:22-cv-118 (D. Wyo.) (filed May 19, 2022); *Wilson v. Austin*, No. 4:22-cv-438 (E.D. Tex.) (filed May 23, 2022); *Spence v. Austin*, No. 4:22-cv-453 (N.D. Tex.) (filed May 27, 2022); *Chancey v. Biden*, No. 1:22-cv-110 (N.D. Fla.) (filed June 9, 2022); *Bazzrea v. Mayorkas*, No. 3:22-cv-265 (S.D. Tex.) (filed July 25, 2022).

earlier cases, there appears to be no reasonable basis for plaintiffs' grossly inflated fee request.[4] And because "[s]teep billing ought to come at a steep price," *Davis*, 908 F.3d at 981 (citation omitted), the Court should exercise its discretion by denying plaintiffs' request in its entirety. *See also Env't Def. Fund, Inc. v. Reilly*, 1 F.3d 1254, 1260 (D.C. Cir. 1993) ("[O]verbilling the government" is "a serious transgression, damaging to the public fisc.").

At the very least, any fee that the Court awards plaintiffs should be significantly reduced. "The most critical factor in determining a reasonable fee is the degree of success obtained." *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022) (cleaned up)). A court is thus obligated to reduce a fee award to account for any "limited success of the plaintiff." *Tex. State Tchrs. Ass'n*, 489 U.S. at 789–90. So if the Court ultimately determines that plaintiffs are entitled to a reasonable attorney's fee under §1988(b), the award should reflect the fact that plaintiffs had *no* success in this lawsuit. *See, e.g.*, *Fox*, 563 U.S. at 834 ("A court should compensate the plaintiff [only] for the time his attorney reasonably spent in achieving the favorable outcome."); *Doe*, 2022 WL 4002326, at *8 (reducing a fee award to ensure that it compensates plaintiffs only for "time reasonably spent on work in furtherance of claims in which the plaintiffs prevailed").

---

[4] That is all the more obvious when compared to the awards that courts have granted under § 1988(b) in other recent cases within this Circuit. *See, e.g.*, *Denton v. City of El Paso*, 2022 WL 2712859 (W.D. Tex. July 13, 2022) (granting $57,849 in fees in case that spanned over two years and involved, *inter alia*, briefing on a preliminary-injunction motion, an interlocutory appeal, mediation, summary-judgment briefing, and other dispositive-motion briefing); *Bowar v. City of El Paso*, 2023 WL 1325500 (W.D. Tex. Jan. 31, 2023) (granting $25,650 in fees in case that spanned two and a half years and involved, *inter alia*, dispositive-motion briefing), *adopting report & recommendation*, 2023 WL 2127142 (W.D. Tex. Feb. 16, 2023); *Doe v. Fitch*, 2022 WL 4002326 (S.D. Miss. Aug. 1, 2022) (granting $352,143 in fees in a case that spanned nearly six years and involved, *inter alia*, multiple contested motions, depositions, court appearances, settlement discussions, and briefing on cross-motions for summary judgment), *aff'd*, 2023 WL 2882717 (5th Cir. Aug. 11, 2023).

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motion for fees and costs.

Dated: August 31, 2023                     Respectfully submitted,

                                           BRIAN M. BOYNTON
                                           Principal Deputy Assistant Attorney General

                                           ALEXANDER K. HAAS
                                           Director, Federal Programs Branch

                                           JOSHUA E. GARDNER
                                           Special Counsel

                                           /s/ Jody D. Lowenstein
                                           JODY D. LOWENSTEIN
                                           Mont. Bar. No. 55816869
                                           CASSANDRA SNYDER
                                           DC Bar No. 1671667
                                           Trial Attorneys
                                           U.S. Department of Justice
                                           Civil Division, Federal Programs Branch
                                           1100 L Street NW
                                           Washington, DC 20005
                                           Phone: (202) 598-9280
                                           Email: jody.d.lowenstein@usdoj.gov

                                           *Attorneys for Defendants*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2023, I electronically filed the foregoing document with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

/s/ *Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice

14