United States District Court
Southern District of Texas
**ENTERED**
February 09, 2024
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

## GALVESTON DIVISION

No. 3:22-cv-293

JASON C. SCHNEIDER, *ET AL.*, *PLAINTIFFS*,

v.

LLOYD J. AUSTIN, III, *ET AL.*, *DEFENDANTS*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

The plaintiffs, who are all United States Marines, have moved for attorneys' fees, asking the court to find that they are the prevailing party in these proceedings. Dkt. 31. The court will deny the motion.

## I.     Background

In August 2021, the Secretary of Defense, Lloyd J. Austin, III, issued a memorandum requiring the United States Armed Forces to vaccinate all service members against COVID-19. Dkt. 1 ¶ 25. The then Commandant of the Marine Corps—General David H. Berger—and Secretary of the Navy—Carlos Del Toro—implemented this policy for all marines and sailors. *Id.* ¶¶ 27–28. About a year later, the plaintiffs brought this class-action lawsuit

against Austin, Berger, Del Toro, and the Department of Defense, arguing that the vaccine mandate violated the First Amendment, Fifth Amendment, the Religious Freedom Restoration Act (RFRA), and the Administrative Procedure Act. *Id.* ¶¶ 145–203. As part of their suit, the plaintiffs asked for attorneys' fees and costs under 42 U.S.C. § 1988(b). *Id.* at 52–53.

Meanwhile, a parallel suit proceeded in the Middle District of Florida, challenging the vaccine mandate on all the same grounds save the Fifth Amendment. Dkt. 8. Soon after the plaintiffs sued the defendants here, the Middle District of Florida granted class certification and entered a nationwide preliminary injunction against enforcement of the mandate. *Colonel Fin. Mgmt. Officer v. Austin*, 622 F. Supp. 3d 1187, 1217 (M.D. Fla. 2022). The defendants then moved to stay this case. Dkt. 15. The court granted the stay and administratively closed the Galveston case "unless and until the preliminary injunction . . . is vacated or stayed." Dkt. 25.

By February 2022, the defendants had rescinded the vaccine mandate. Dkt. 27 at 2–3. The Middle District of Florida then dissolved the preliminary injunction, decertified the class, and dismissed the case as moot. Dkt. 29 at 1. Following this, the parties jointly stipulated to a dismissal with prejudice in this case "with the exception of the issue of attorneys' fees." Dkt. 32.

## II.    Legal Standard

District courts award attorneys' fees post-judgment. Fed. R. Civ. P. 54(d)(2). The parties seeking a fee award must (1) "specify the judgment and the statute, rule, or other grounds entitling [them] to the award;" (2) "state the amount sought or provide a fair estimate of it;" and (3) "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B)(ii)–(iv). In federal-question cases, federal law governs awards of costs and fees. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("A fee award is governed by the same law that serves as the rule of decision for the substantive issues in the case."). The party seeking attorneys' fees bears the burden of establishing entitlement to such an award. *Amawi v. Paxton*, 48 F.4th 412, 412 (5th Cir. 2022).

## III.   Analysis

The plaintiffs have moved for attorneys' fees, asking the court to find that they are the prevailing parties. Dkt. 31. Although the plaintiffs admit that this court never awarded them any relief, they contend that they prevailed when the Middle District of Florida certified the class action and entered a nationwide preliminary injunction. This narrow legal question— whether the plaintiffs may be prevailing parties based on relief granted to

them as unnamed class members in another case—is a matter of first impression within this jurisdiction.

## A. Defining "Prevailing Party"

Under federal law, "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010). But "Congress has created statutory exceptions to this general rule." *Veasey v. Abbott*, 13 F.4th 362, 368 (5th Cir. 2021). In an action to enforce RFRA, one such exception under 42 U.S.C. § 1988(b) allows the court to award reasonable attorneys' fees to prevailing parties. Although a district court's judgment awarding attorneys' fees is usually a discretionary decision, whether someone is a "prevailing party" is a question of law. *Garcia-Ascanio v. Spring Indep. Sch. Dist.*, 74 F.4th 305, 309 (5th Cir. 2023).

Courts interpret the term "prevailing party" consistently across various fee-shifting statutes. *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422 (2016). The Supreme Court defined what it means to be the prevailing party in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of*

*Health & Human Resources*, 532 U.S. 598 (2001), a case in which it rejected the previous "catalyst theory"[1] for recovering attorneys' fees.

To be a prevailing party, a party "must achieve some judicially sanctioned relief that either creates or materially alters a legal relationship between the parties." *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013) (citing *Buckhannon*, 532 U.S. at 604). The Fifth Circuit has established three requirements that a party must show to be a prevailing party: "(1) the plaintiff must achieve judicially[ ]sanctioned relief, (2) the relief must materially alter the legal relationship between the parties, and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered." *Id.*

A plaintiff may "satisfy these three requirements without receiving a final judgment in its favor, as long as the plaintiff's success on a claim is not purely technical or de minimis." *Veasey*, 13 F.4th at 368 (internal quotation marks and alterations omitted). An injunction or declaratory judgment will usually satisfy the prevailing-party test. *Lefemine v. Wideman*, 568 U.S. 1, 11

---

[1] The catalyst theory "posit[ed] that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon*, 532 U.S. at 601. "[M]ost Courts of Appeals recognized the catalyst theory" before the Supreme Court expressly rejected it. *Id.* at 602 & n.3 (internal quotation marks omitted).

(2012). But a defendant's "voluntary change in conduct, although perhaps achieving the relief that the plaintiff desired, lacks the necessary judicial imprimatur to support prevailing party status." *Petteway*, 738 F.3d at 137.

### B. Deciding Whether the Plaintiffs Prevailed

The plaintiffs assert they are the prevailing parties in this case. They argue that the nationwide preliminary injunction entered in the Middle District of Florida was (1) a judicially sanctioned remedy that (2) materially altered the Galveston parties' relationship and (3) caused the defendants to rescind the vaccine mandate. Dkt. 31 at 17–20. Although this court never issued an injunction, the plaintiffs emphasize two pre-*Buckhannon* opinions that support their position that they can reach outside this litigation to achieve prevailing-party status: *Putnam v. Davies* and *Lundin v. Mecham*. *Id.* at 20–24.

In *Putnam*, the Southern District of Ohio held that the plaintiffs were prevailing parties after the court granted declaratory relief that a state statute was unconstitutional. 960 F. Supp. 1268, 1272 (S.D. Ohio 1997). Before granting declaratory relief, however, the Ohio Supreme Court struck down the statute in a separate state-court lawsuit. *Id.* at 1270. Nevertheless, the Southern District of Ohio reasoned that the "mere fact that the Ohio Supreme Court's opinion was issued before this [c]ourt's judgment does not change

the [p]laintiffs' status as a prevailing party." *Id.* at 1273. On appeal, the Sixth Circuit affirmed, reasoning that a case's mootness or inevitable outcome does not prevent the plaintiffs from qualifying as prevailing parties. *Putnam v. Davies*, No. 97-3364, 1998 WL 344075, at *4 (6th Cir. 1998).

In *Lundin*, six federal bankruptcy judges sued the Director of the Administrative Office of the United States Courts after he declared that a statute violated the Constitution. 980 F.2d 1450, 1453 (D.C. Cir. 1992). While the case proceeded, the judges also sought to intervene and appear as amici in similar cases stemming from the constitutionality of the same statute. *Id.* at 1455. The District Court for the District of Columbia ultimately dismissed the original case as moot. *Id.* at 1456. After the dismissal, the judges moved for attorneys' fees as the prevailing parties in their case and as intervenors and amici in the other cases. *Id.* The district court denied the judges' motion. *Id.* On appeal, the D.C. Circuit affirmed as to the fees stemming from cases where the judges were intervenors or amici. *Id.* at 1461–63. But it reversed as to the fees stemming from the judges' original case. *Id.* at 1461. It held that the lower court committed reversible error in excluding these fees when that court "stayed the suit and delayed ruling . . . precisely because legal issues critical to the case remained to be resolved—either in the District of Columbia or elsewhere." *Id.* at 1458.

The plaintiffs also argue that a prevailing-party determination in their favor would support § 1988(b)'s purpose of "encouraging plaintiffs to serve as private-attorneys-general in effectuating the important objective of antidiscrimination." Dkt. 31 at 14 (quoting 10 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2675.4 (4th ed. 2023)). In the plaintiffs' eyes, it would frustrate § 1988's purpose to not award attorneys' fees "because the Pentagon's action was so clearly illegal that another court ruled on the case before this [c]ourt could do so." *Id.* at 16. Further, the plaintiffs aver they would be prejudiced if not found as the prevailing parties because they cannot receive "full and complete relief in the Middle District of Florida." *Id.* at 16–17. They also highlight that in *U.S. Navy SEALS 1-26 v. Biden*, No. 22-10077 (5th Cir. 2022), the Fifth Circuit has adopted the same rationale for enjoining the vaccine mandate. *Id.* at 24–27.

In response, the defendants emphasize that the plaintiffs "succeeded on *no* disputed issues and obtained *no* relief" from this court. Dkt. 34 at 8. They argue that, as a matter of law, the plaintiffs cannot "reach outside the confines of this lawsuit" and claim that "relief obtained in a separate lawsuit is 'the source of their prevailing party status in this case.'" *Id.* at 9 (quoting *Klamath Siskiyou Wildlands Ctr. v. U.S. Bur. of Land Mgmt.*, 589 F.3d 1027, 1033–35 (9th Cir. 2009)).

The defendants primarily rely on the Ninth Circuit's decision in *Klamath Siskiyou Wildlands Center v. U.S. Bureau of Land Management*. In *U.S. Bureau*, various environmental organizations sued the Bureau of Land Management alleging that a planned timber sale violated the National Environmental Policy Act. 589 F.3d at 1028. The same plaintiffs filed a second lawsuit against the Bureau of Land Management for separate timber sales, *Klamath Siskiyou Wildlands Center v. Boody*, 468 F.3d 549 (9th Cir. 2009). *Id.* at 1029. Before the trial court in *U.S. Bureau* entered its rulings on cross-motions for summary judgment, the Ninth Circuit ruled in the plaintiffs' favor in *Boody*. *Id.* Soon after, the Bureau of Land Management vacated the timber sale challenged in *U.S. Bureau*. *Id.* The plaintiffs then moved for attorneys' fees and costs as the prevailing party, which the district court granted. *Id.*

On appeal, the plaintiffs presented a "novel" theory that they could "reach[] outside the confines of [the] lawsuit" to qualify as prevailing parties. *Id.* at 1033. They argued that *Boody* "drove the [Bureau of Land Management] to flee the field of battle because the agency knew it was 'faced with imminent defeat.'" *Id.* But the Ninth Circuit disagreed. *Id.* at 1034. Assuming *arguendo* that *Boody* assured the plaintiffs' success in *U.S. Bureau*, the Ninth Circuit reaffirmed that "a favorable determination on a

legal issue, even if it might have put the handwriting on the wall, is not enough by itself. A favorable judicial statement of law . . . cannot substitute for a form of judicial relief." *Id.* (quoting *Citizens for Better Forestry v. U.S. Dep't of Agric.*, 567 F.3d 1128, 1133 (9th Cir. 2009)); *see also Hewitt v. Helms*, 482 U.S. 755, 763 (1987) ("[A] favorable judicial statement of law in the course of litigation that results in judgment against the plaintiff does not suffice to render him a 'prevailing party.'"); *Palmetto Props., Inc. v. County of DuPage*, 375 F.3d 542, 551 (7th Cir. 2004) ("[A] party in one lawsuit cannot claim to be a 'prevailing party' based upon the successes of a party in a different lawsuit.").

Additionally, the defendants call the plaintiffs' reliance on *Putnam* and *Lundin* "misplaced." Dkt. 34 at 10. Both cases were decided under a catalyst-theory framework with no requirement for judicially sanctioned relief, an approach *Buckhannon* later expressly rejected. *See Putnam*, 960 F. Supp. at 1272, 1274; *Lundin*, 980 F.2d at 1457. And unlike the matter before this court, the *Putnam* plaintiffs actually prevailed in their case in the Southern District of Ohio, obtaining a judgment and declaratory relief. 960 F. Supp. at 1272–73.

After reviewing the record and relevant case law, the court finds the defendants' arguments more persuasive. At bottom, the plaintiffs are wrong

on the law. They seek to reach outside the four corners of this litigation to portray themselves as prevailing parties. *Buckhannon*'s command that a court award a party some "judicially sanctioned change" before it can be deemed the prevailing party is not a dead letter. And this court has awarded no judicially sanctioned remedy while the case has been stayed. Further, the dicta the plaintiffs stress in *Putnam* and *Lundin* no longer provide any assistance in determining who is a prevailing party—especially in light of *U.S. Bureau.*

Although the outcome in the Middle District of Florida—and other identical cases across the country—likely motivated the defendants to rescind the vaccine mandate, that does not mean the plaintiffs in this case amount to prevailing parties. Given the vaccine mandate's rescission, the parties here have jointly dismissed all claims, Dkt. 32, "obviating the need for this [c]ourt to rule at all," Dkt. 25 at 3. Moreover, the notion that the plaintiffs have not prevailed in this case in no way prejudices them as they continue to seek an attorneys' fee award from the Middle District of Florida. *See* Dkt. 36 at 1.

As a matter of law, the plaintiffs are not prevailing parties in this case and so are not entitled to attorneys' fees and costs under § 1988(b).

\*       \*       \*

For the foregoing reasons, the court denies the plaintiffs' motion for attorneys' fees. Dkt. 31.

Signed on Galveston Island this 9th day of February, 2024.


_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE